# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **BARBARA HARDNETT** | * | **CIVIL ACTION NO. 16-1189** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **AVERITT EXPRESS INC.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

This matter is before the undersigned Magistrate Judge, on reference from the District Court, pursuant to sua sponte jurisdictional review. On August 17, 2016, Defendant Averitt Express Inc. ("Averitt") removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In response to court order [doc. # 14], Averitt filed a Memorandum in Support of Removal to establish whether the requisite jurisdictional amount was in controversy at the time of removal.[1] [doc. # 17]. Plaintiff Barbara Hardnett filed a response in opposition of removal, seeking remand. [doc. #18]. For reasons assigned below, it is recommended that Hardnett's request for remand be **DENIED.**

## LAW AND ANALYSIS

When a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above

---

[1] It is undisputed that the parties are completely diverse. *See* Notice of Removal, doc. #1, ¶ 4.

$75,000," or (2) "setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

To satisfy the preponderance standard, the removing defendant may demonstrate through summary judgment-type evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Courts may consider evidence submitted after removal as long as the amount in controversy at the time of removal was ambiguous and the evidence relates to the amount in controversy at the time of removal. *Gebbia v. Wal-Mart, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Hardnett alleges that on August 20, 2015, while parked in her Tractor, she was struck by a Tractor driven by Averitt's employee, Emmanuel Donker. [doc. #1, Exh 1, ¶ 3]. Hardnett's petition is based on a tort theory of recovery and provides,

> As a result of the crash, petitioner, Barbara Hardnett, sustained injuries, including severe and permanently disabling injuries to her mind and body for which it has been necessary for her to seek medical treatment and incur medical expenses. By reasons of the foregoing circumstances, petitioner is entitled to recover general and special damages from the defendants, that include but are not limited to past and future medical expenses, past and future lost wages, loss of earning capacity, past and future physical pain and suffering, past and future mental pain and suffering, fear, fright, and mental anguish experienced during the crash, disability, loss of enjoyment of life, property damages, scarring and disfigurement, non-market services, loss of insurability, loss of profits, and any other general or special damages that are allowed by law and which may be proven at the trial of this matter.

*Id.* ¶ 9. Hardnett also requests penalties, interest and attorney fees along with damages as allowed by law if Defendant does not negotiate in good faith or acts in bad faith in regard to handling Plaintiff's claim. *Id.* ¶ 10.

Defendant submitted copies of Plaintiff's medical records from between November 2015

2

and March 2016,[2] which indicate that Plaintiff is suffering from, and being treated for, numerous neck, back and knee injuries, including lumbar radiculopathy, lumbar disc disease, severe low back pain, cervical spondylosis, cervical disc disease, and neck and right knee pain. [doc. #17, pp. 6-7]. Plaintiff also went to the emergency room the day of the accident and received xrays. *Id.* at 5. Upon review of the pleadings, as well as the facts and evidence adduced by Averitt, the Court finds that Averitt has established by a preponderance of the evidence that Hardnett's damages exceeded $75,000 at the time of removal. *Compare Luckett*, 171 F.3d at 298 (plaintiff's tort claim exceeded $75,000 where she alleged property damage, travel expenses, emergency ambulance trip, hospital stay, pain and suffering, humiliation, and temporary inability to do housework); *and Gebbia*, 233 F.3d at 883 (claim exceeded $75,000 where pleading alleged injuries to wrist, knee, patella and back and sought medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement), *with Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (damages did not exceed $75,000 where plaintiff alleged less severe injuries, such as bruises and abrasions, and did not allege any property damages, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability).

Having concluded that Averitt met its burden, Hardnett may defeat removal "only by establishing to a legal certainty that . . . her recovery will not exceed the statutory threshold." *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x. 62, 66 (5th Cir. 2010). In her response,

---

[2] The parties have not yet engaged in discovery; however, Plaintiff's counsel has provided Defendant's counsel copies of some medical records.

Hardnett failed to specify an amount of damages less than $75,000 or to present any facts or evidence in support of remand. *See White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003). Hardnett thus failed to show that it was legally certain that her recovery will not exceed $75,000.

## **CONCLUSION**

For the above assigned reasons,

**IT IS RECOMMENDED** that Plaintiff Barbara Hardnett's request for remand [doc. #18] be **DENIED**, and that the Court exercise subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, over this matter.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of November 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE